**STATE of Maine**

v.

**Robert A. WHITTEMORE.**

Supreme Judicial Court of Maine.

Aug. 18, 1978.

Joseph M. Jabar, Dist. Atty., David W. Crook (orally), Asst. Dist. Atty., Skowhegan, for plaintiff.

John C. Hunt, Skowhegan (orally), for defendant.

Before POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

After a jury trial appellant was convicted on each of five indictments charging him with sales of cannabis at specified times in August, 1975, in violation of former 22 M.R.S.A. § 2384 (Supp.1975).[1] Only one asserted ground for appeal merits treatment here. Before the presiding justice instructed the jury, he called both counsel to a sidebar conference in the course of which appellant's counsel requested "that the jury be instructed that possession is the lesser included offense." After hearing brief argument between appellant's counsel and the district attorney, the presiding justice announced that he would charge on the offense alleged in the indictments and instruct the jury that if there was insufficient evidence to warrant a finding of sale they should return a verdict of not guilty. His actual charge did not mention possession as a lesser included offense.

Although appellant's counsel did not renew his request or make objection to the charge as given, we shall assume for purposes of analysis that the point was properly preserved for appellate review. See State v. Smith, Me., 382 A.2d 40 (1978). We shall further assume, merely arguendo, that the elements constituting the crime of possession of cannabis under former 22 M.R.S.A. § 2383(1), ¶ 2 (Supp.1975) were necessarily constituent parts of the elements of the crime of sale of cannabis under former 22 M.R.S.A. § 2384 (Supp.1975). Under those assumptions, the issue on appeal becomes whether the trial court's refusal to instruct as requested affected any substantial rights of appellant. Rule 52(a), M.R.Crim.P. Even before the adoption of the Maine Criminal Code,[2] we held that an instruction need not be given for a lesser included offense unless the issue has been generated by the facts so that there is a rational basis on which a jury can find defendant guilty of the lesser offense. State v. Northup, Me., 318 A.2d 489 (1974).

In the present case, the accused offered no testimony. The State's witnesses were undercover agents who described their several cash purchases of cannabis from the appellant, law enforcement officers who testified to their procedures for assuring safe custody and control of the contraband after purchase, and chemists who analyzed the materials purchased. The decision of the jury as to whether appellant was guilty of selling cannabis necessarily depended wholly on its assessment of the credibility of the State's witnesses, particularly the credibility of the undercover agents. The suggestion has been offered that it would have been possible for the jury to believe only so much of the undercover agents' testimony as tended to prove possession but disbelieve their testimony insofar as it related to purchase and sale. Scrutiny of the record of the trial reveals no basis on which the jury could have believed that appellant possessed the cannabis but did not sell it. Everything the undercover agents testified to that was relevant to appellant's possession was asserted in the course of describing one or another of the sales that appellant was alleged to have made. By its verdict, given on the basis of unobjected-to instructions defining "sale," the jury found that appellant sold the cannabis. There is no basis in the record for speculation that if an instruction on possession had been given in this case the jury might have found as a fact that appellant had possessed the cannabis but not sold it.

The entry is:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.

1. Repealed and replaced by P.L.1975, ch. 499, § 52.

2. See 17–A M.R.S.A. § 13(2) (Supp.1977).